## THE MARIE.

### (District Court, E. D. New York. May 1, 1905.)

SHIPPING—PERSON UNNECESSARILY USING CARGO SKIDWAY—ASSUMPTION OF RISK.

> Where libelant, in going upon a vessel while discharging at a dock, used a cargo skidway laid by the stevedores, instead of a safe passenger gangway, of which he had knowledge, he assumed the risk, and the vessel cannot be held liable for his injury by falling from it into the water.

In Admiralty. Suit for personal injury.

William Adams Robinson, for libelant.

J. Parker Kirlin and Charles R. Hickox, for claimant.

THOMAS, District Judge. The libelant was a tally clerk, employed during the discharge of cargo from the steamship Marie, and now sues to recover damages for injury to himself and to his property from falling into the water while he was crossing the cargo planks supporting the skid that had been laid from the dock to the ship. The libelant did not go aboard the ship for any purpose connected with the use of the temporary gangway. He was not employed by the ship, and his employer states that it was no part of his business to go aboard the vessel, but that he was to limit himself to duties on the dock in connection with the weighing of the cargo. But, assuming that his duty did call him aboard the ship for the purpose of delivering the health certificate, as he claims, yet that was a service quite foreign to any for which the skid was constructed, or for which it was intended to be used. This temporary gangway was constructed by the stevedores, who had a contract for discharging the vessel, with the intention that the cargo should be hoisted out of the vessel and landed on the skid, and thence taken to the pier. With such construction, or with the material supplied therefor, the vessel had no connection. It appears beyond question that there was a safe passenger gangway at another point, and that libelant had knowledge of it. He must have known that one gangway was for cargo and that the other was entirely for the passage of persons, and, if he preferred to use the gangway devoted to cargo, instead of the one supplied as a more safe means of entrance, he did so at his own risk, and not at the risk of the ship. There is nothing to justify the conclusion that a person employed as he was in connection with the work, was in any way misled by the conditions that existed. There is rather a presumption that he had full knowledge of the gangways and the uses for which they were placed.

The libel is dismissed.